

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

J N    JUN 1 5 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JOEL JEFFRIES and COLLEEN JEFFRIES,       )
                                          )
      Plaintiffs,                         )
                                          )
    v.                                    )    No.
                                          )
5 STAR FLASH, INC., d/b/a FLASH CAB CO.    )    07cv3394
an Illinois Corporation, and 303 TAXI, L.L.C., an  )    JUDGE ST. EVE
Illinois Limited Liability Company,       )    MAG. JUDGE VALDEZ
                                          )
      Defendants.                         )

## COMPLAINT

NOW COME the Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, by and through their attorneys, JOSEPH V. RODDY and EDIE DIBBIN, and in their Complaint against the Defendants, 5 STAR FLASH, INC., d/b/a FLASH CAB CO., and 303 TAXI, L.L.C., state as follows:

### INTRODUCTION

1.    Plaintiffs bring this action against Defendants pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. 12181 *et seq.* (hereinafter referred to as "ADA") for Defendants' violations of the ADA.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action under 28 U.S.C. §1331, §1343(a)(1) & (a)(4) and 42 U.S.C. § 12188(a). This Court also has pendent jurisdiction over the state law claims.

3.    Venue is proper in this judicial jurisdiction pursuant to 28 U.S.C. § 1391(b)&(c).

### THE PARTIES

4.    The Plaintiff, JOEL JEFFRIES, is a citizen of the United States and a resident of the City of Chicago, State of Illinois. JOEL JEFFRIES is an individual with a physical impairment that substantially interferes with one or more of his major life activities. Specifically, JOEL

1

JEFFRIES, is a blind individual who utilizes the assistance of a service animal, a seeing-eye dog named "Gibbs", for mobility and his daily activities. At all relevant times, JOEL JEFFRIES was protected under 42 U.S.C. § 12181, *et. seq.*

5. The Plaintiff, COLLEEN JEFFRIES, is a citizen of the United States and a resident of the City of Chicago, State of Illinois. COLLEEN JEFFRIES is an individual with a physical impairment that substantially interferes with one or more of her major life activities. Specifically, COLLEEN JEFFRIES suffers from partial paralysis of her left side. At all relevant times, COLLEEN JEFFRIES was protected under 42 U.S.C. § 12181, *et. seq.*

6. On and before March 30, 2007, the Defendant, 5 STAR FLASH, INC. d/b/a FLASH CAB COMPANY (hereinafter referred to as "FLASH"), is an Illinois Corporation doing business in Illinois with its principle place of business located at 709 N. Main Street, in the City of Mount Prospect, County of Cook, State of Illinois. FLASH is an owner, operator, lessor, or lessee for a public transportation service mentioned herein. FLASH is subject to the requirements of the ADA because it operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104.

7. On and before March 30, 2007, the Defendant, 303 TAXI, L.L.C. (hereinafter referred to as "303 TAXI") , is an Illinois Limited Liability Company doing business in Illinois with its principle place of business located at 709 N. Main Street, in the City of Mount Prospect, County of Cook, State of Illinois. 303 TAXI is an owner, operator, lessor, or lessee for a public transportation service mentioned herein. 303 TAXI is subject to the requirements of the ADA because it operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104.

8.    On and before March 30, 2007, both FLASH and 303 TAXI are providers of taxi service as
      provided in 49 C.F.R. 37.29 and according to 49 C.F.R. 37.29(c), "private entities providing
      taxi service shall not discriminate against individuals with disabilities by actions including, but
      not limited to, refusing to provide service to individuals with disabilities who can use taxi
      vehicles, refusing to assist with the stowing of mobility devices, and charging higher fares or
      fees for carrying individuals with disabilities and their equipment then are charged to other
      persons."

## FACTS

9.    On March 30, 2007, JOEL JEFFRIES and COLLEEN JEFFRIES sought to utilize FLASH'S
      taxicab services for transport from Jack's Restaurant in the Village of Skokie, County of Cook,
      State of Illinois to their residence in Chicago, Illinois.

10.   On March 30, 2007, an employee of Jack's Restaurant dialed the number for FLASH and
      requested a cab for two disabled individuals, one with a service animal.

11.   On March 30, 2007, FLASH then dispatched a cab labeled "Niles Flash Cab." The driver of the
      Niles Flash Cab vehicle informed the Plaintiffs that he did not accept the Pace Taxi Access
      Program vouchers.

12.   On March 30, 2007, the same employee of Jack's Restaurant then dialed the number for
      FLASH again and explained that two disabled individuals, one with a service dog, needed a cab
      and the first cab would not take them. Defendant FLASH, then dispatched 303 TAXI, cab #127
      to pickup the Plaintiffs.

13.   On March 30, 2007, when 303 TAXI #127 arrived, the driver refused to transport JOEL
      JEFFRIES' service animal, Gibbs. Despite the fact that Plaintiffs and the employee of Jack's
      Restaurant told the driver of 303 TAXI #127 that Gibbs was a service animal and that the driver

3

was required to transport him, the driver told Plaintiffs that he did not like dogs and he would not take dogs in his vehicle and drove off.

14. On March 30, 2007, the same employee of Jack's Restaurant then dialed FLASH for a third time and complained about the driver of 303 TAXI #127 and requested another cab to transport Plaintiffs.

15. On March 30, 2007, Defendant FLASH then dispatched 303 TAXI cab #130 to pick up Plaintiffs. The driver of 303 TAXI #130 told the Plaintiffs that he was "allergic to dogs" and refused to transport them and drove away.

16. On March 30, 2007, the same employee of Jack's Restaurant then dialed FLASH a fourth time and complained about the driver of 303 TAXI #130, explained that a cab was needed to transport two individuals with disabilities and a guide dog, and requested another cab to transport Plaintiffs.

17. On March 30, 2007, Defendant FLASH then dispatched TAXI #130 again and the same driver who originally refused to transport the service animal because he was "allergic" to dogs arrived and agreed to transport the dog.

18. On March 30, 2007, COLLEEN JEFFRIES, because of her partial paralysis was required to wear a leg brace on her left leg.

19. On March 30, 2007, JOEL JEFFRIES and his service animal Gibbs entered the back seat of 303 TAXI #130. Because of the size of the brace on COLLEEN JEFFRIES' left leg, she could not fit inside the rear seat of 303 TAXI #130 along with JOEL and Gibbs.

20. On March 30, 2007, because COLLEEN JEFFRIES could not fit in the rear seat of the 303 TAXI #130, she attempted to sit in the front seat of the taxi. The driver, under the ruse of it being improper to let passengers sit in the front seat of the taxi, the driver of 303 TAXI #130 refused to transport JOEL JEFFRIES and COLLEEN JEFFRIES and drove off.

4

21. Plaintiffs were eventually driven home by an off-duty Skokie Police Department Sergeant who was a patron in the restaurant.

## COUNT I
### Violation of Title III, ADA

22. Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-21 of this complaint for Count I, as though fully set forth herein.

23. At all times relevant, the Defendant 303 TAXI was acting as an agent and/or subsidiary of Defendant FLASH.

24. At all times relevant, Defendant FLASH and Defendant 303 TAXI had direct knowledge of the fact that Plaintiffs were people with disabilities and needed a cab that could transport them and Gibbs, the guide dog

25. At all times relevant, Defendant FLASH knew or should have known of the actions taken by its agent and/or subsidiary Defendant 303 TAXI.

26. At all times relevant, Defendant FLASH sanctioned and approved of the actions of its agent and/or subsidiary Defendant 303 TAXI.

27. The Defendants have discriminated against the JOEL JEFFRIES and COLLEEN JEFFRIES on the basis of disability, denying them the full and equal enjoyment of specified public transportation services provided by Defendants, as prohibited by 42 U.S.C § 12184.

28. The Defendants have engaged in discrimination by: (1) repeatedly refusing to transport JOEL JEFFRIES and his guide dog Gibbs;(2) refusing to accommodate COLLEEN JEFFRIES by telling her it was improper for her to sit in the front seat;(3) giving pretextual excuses for their refusal to accommodate and transport JOEL JEFFRIES, JOEL JEFFRIES' guide dog, and COLLEEN JEFFRIES; (4) refusing to make reasonable modifications in policies, practices or procedures, when such modifications were necessary to afford service to the Plaintiffs who are

5

individuals with disabilities; (5) failing to provide alternative methods of transportation which were readily available; (6) failing to take steps to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids or services; and, (7) failing to provide service to Plaintiffs after being repeatedly informed that Plaintiffs suffered from disabilities.

29.  The Defendants have discriminated against Plaintiffs in violation of C.F.R. 37.29 by refusing to transport JOEL JEFFRIES with his service animal and also refusing to provide taxi service to COLLEEN JEFFRIES by refusing to accommodate her disability when she would normally have been able to ride in a standard taxicab had FLASH and 303 TAXI allowed her to sit in the front seat.

30.  At all times relevant and since 1990, the ADA has been in effect and knowledge of its requirements may be imputed to Defendants.

31.  After receiving actual notice of ADA violations through the complaints made to the FLASH dispatcher and communicated to 303 TAXI, Defendants failed to make changes in order to comply with the ADA. Furthermore, Defendants have not educated their agents regarding the ADA.

32.  The Plaintiffs who were subjected to discrimination from specified public transportation services, suffered irreparable harm in the nature of humiliation, limitations of freedom, and other forms of intangible injuries to their dignity interests.

33.  Each of the discriminatory conditions identified above presents a palpable and substantial deprivation of a degree of Plaintiffs' independence. Defendants substantially deprived Plaintiffs of their independence. The injuries sustained by Plaintiffs are ongoing until Defendants' discriminatory practices are corrected.

6

34. Defendants have profited by their violations of the ADA, acquired a wrongful profit, and the full application of the principles of equity require Defendants to disgorge to Plaintiffs (or other such charity as deemed equitable by the Court) the full amount of economic gain reaped by Defendants through their illegal conduct.

WHEREFORE, the Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, respectfully request that this Honorable Court enter judgment in their favor and against Defendants, 5 STAR FLASH INC., d/b/a FLASH CAB CO. and 303 TAXI L.L.C. and grant such relief as follows:

a.) Grant a permanent injunction enjoining Defendants, their agents, employees and assigns from discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181-12189, and specifically requiring Defendants to cease operating a taxi service unless and until such specified public transportation services are fully compliant with the Americans with Disabilities Act;

b.) Grant an order requiring Defendants to change their policies, practices and procedures to afford persons with disabilities access to Defendants' public transportation services;

c.) Grant an order requiring Defendants to disgorge such profits as the Court may deem appropriate;

d.) Grant Plaintiffs their attorneys' fees, including litigation expenses and the costs of suit; and,

e.) Grant such other and further relief as this Court may deem just.

## PENDENT STATE LAW CLAIMS

### COUNT II
### VIOLATION OF 775 ILCS 30/3, WHITE CANE LAW

22.  Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-21 of this complaint for Count II, as though fully set forth herein.

23.  At all times relevant, and since it came into effect on January 1, 2004, Defendants FLASH and 303 TAXI have or should have been fully aware of their obligations under Chapter 775, Act 30 of the Illinois Compiled Statutes entitled "White Cane Law."

24.  At all times relevant, the White Cane Law stated, "The blind, the visually handicapped, the hearing impaired, persons who are subject to epilepsy or other seizure disorders and the otherwise physically disabled are entitled to full and equal accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, street cars, boats or any other public conveyances or modes of transportation, hotels, lodging places, places of public accommodation, amusement or resort and other places to which the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons."

25.  At all times relevant, the White Cane Law also stated, "Every totally or partially blind, hearing impaired, person who is subject to epilepsy or other seizure disorders, or otherwise physically disabled person or a trainer of support dogs, guide dogs, seizure-alert dogs, seizure-response dogs, or hearing dogs shall have the right to be accompanied by a support dog or guide dog especially trained for the purpose, or a dog that is being trained to be a support dog, guide dog, seizure-alert dog, seizure-response dog, or hearing dog, in any of the places listed in this Section without being required to pay an extra charge for the guide, support, seizure-alert,

8

seizure-response, or hearing dog; provided that he shall be liable for any damage done to the premises or facilities by such dog."

26. At all times relevant, Defendants, FLASH and 303 TAXI were subject to the requirements of the Illinois White Cane Law because they both operate and provide public transportation service to members of the public.

27. At all times relevant, Defendant 303 TAXI, was acting as an agent and/or subsidiary of Defendant FLASH.

28. At all times relevant, Defendant FLASH and Defendant 303 TAXI had direct knowledge of the fact that Plaintiffs were people with disabilities and needed a cab that could transport them and Gibbs, the guide dog.

29. At all times relevant, Defendant FLASH knew or should have known of the actions taken by its agent and/or subsidiary Defendant 303 TAXI.

30. At all times relevant, Defendant FLASH sanctioned and approved of the actions of its agent and/or subsidiary Defendant 303 TAXI.

31. The Defendants have discriminated against the JOEL JEFFRIES and COLLEEN JEFFRIES on the basis of disability, denying them the full and equal enjoyment of specified public transportation services provided by Defendants, as prohibited by 775 ILCS 30/3.

32. The Defendants have engaged in discrimination by: (1) repeatedly refusing to transport JOEL JEFFRIES and his guide dog Gibbs;(2) refusing to accommodate COLLEEN JEFFRIES by telling her it was improper for her to sit in the front seat;(3) giving pretextual excuses for their refusal to accommodate and transport JOEL JEFFRIES, JOEL JEFFRIES' guide dog, and COLLEEN JEFFRIES; (4) refusing to make reasonable modifications in policies, practices or procedures, when such modifications were necessary to afford service to the Plaintiffs who are individuals with disabilities; (5) failing to provide alternative methods of transportation which

9

were readily available; (6) failing to take steps to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids or services; and, (7) failing to provide service to Plaintiffs after being repeatedly informed that Plaintiffs suffered from disabilities.

33.   After receiving actual notice of violations of the White Cane Law, the Defendants failed to make changes in order to comply with the White Cane Law. Defendants also failed to inform their employees of the White Cane Law.

34.   As a result of Defendants' illegal practices and conduct, Plaintiffs suffered irreparable harm in the form of humiliation, limitations on freedom and other forms of intangible injuries to their dignity interest.

35.   Defendants substantially deprived Plaintiffs of their independence. The injuries sustained by Plaintiffs are ongoing until Defendants' discriminatory practices are corrected.

36.   Defendants have profited by their violations of the White Cane Law, acquired a wrongful profit, and the full application of the principles of equity require Defendants to disgorge to Plaintiffs (or other such charity as deemed equitable by the Court) the full amount of economic gain reaped by Defendants through their illegal conduct.

WHEREFORE, the Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, respectfully request that this Honorable Court enter judgment in their favor and against Defendants, 5 STAR FLASH INC., d/b/a FLASH CAB CO. and 303 TAXI L.L.C. and grant such relief as follows:

a.)   Grant a permanent injunction enjoining Defendants, their agents, employees and assigns from discrimination on the basis of disability in violation of the Illinois White Cane Law, 775 ILCS 30/3, and specifically requiring Defendants to cease operating a taxi service unless and until such specified public transportation services are fully compliant with the Americans with Disabilities Act;

10

b.)  Grant an order requiring Defendants to change their policies, practices and procedures to afford persons with disabilities access to Defendants' public transportation services;

c.)  Grant an order requiring Defendants to disgorge such profits as the Court may deem appropriate;

d.)  Grant Plaintiffs their attorneys' fees, including litigation expenses and the costs of suit; and,

e.)  Grant such other and further relief as this Court may deem just.

## COUNT III
## NEGLIGENCE

22.  Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-21 of this complaint for Count III, as though fully set forth herein.

23.  At all times relevant, Defendants FLASH and 303 TAXI had a duty to the Plaintiffs and to the public in general to properly train their employees on requirements of the ADA and the Illinois White Cane Law.

24.  At all times relevant, Defendants had a duty to exercise reasonable care in hiring, training, supervision and retention of their employees.

25.  At all times relevant, Defendants breached the foregoing duty and were negligent in one of more of the following respects, in that they:

a.)  Negligently, carelessly, improperly and unreasonably allowed their employees involved in the acts recited herein to continue in their duties as employees when they knew or in the exercise of reasonable care should have known that their employees had a propensity to discriminate against individuals with disabilities;

11

b.)    Negligently, carelessly, improperly and unreasonably supervised their employees in that the employees mentioned herein were allowed to discriminate against individuals with disabilities without recourse;

c.)    Negligently, carelessly, improperly and unreasonably failed to train their employees in the proper procedure and legal requirements for providing service to individuals with disabilities;

d.)    Negligently, carelessly, improperly and unreasonably failed to evaluate their employees on a regular basis;

e.)    Negligently, carelessly, improperly and unreasonably failed to mandate that their employees provide service to Plaintiffs after Defendants FLASH and 303 TAXI had actual knowledge that their employees had illegally discriminated against Plaintiffs;

f.)    Negligently, carelessly, improperly and unreasonably allowed their employees to continue to discriminate against Plaintiffs after Defendants FLASH and 303 TAXI had actual knowledge of their employees' actions;

g.)    Otherwise were negligent in the implementation of the daily operations of a public transportation service.

26.    As a direct and proximate result of one or more of the foregoing acts or omissions by Defendants, Plaintiffs were injured and will continue to incur suffering and emotional distress.

WHEREFORE, the Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, respectfully request that this Honorable Court enter judgment in their favor and against Defendants FLASH and 303 TAXI for actual and compensatory damages, punitive damages, attorneys fees and costs.

## COUNT IV
## RESPONDEAT SUPERIOR

27.    Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate

paragraphs 1-26 of Count III for Count IV, as though fully set forth herein.

28.    At all times relevant, each of the Defendants was vicariously liable for the actions of the

agents and employees they employed.

WHEREFORE, the Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, respectfully request

that this Honorable Court enter judgment in their favor and against Defendants FLASH and 303 TAXI

for actual and compensatory damages, punitive damages, attorneys fees and costs.

Respectfully submitted,

THE LAW OFFICES OF JOSEPH V. RODDY
77 W. Washington, Suite 1100
Chicago, IL 60602
312-368-8220
Attorney No.: 48373

13