UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOEL JEFFRIES and COLLEEN JEFFRIES )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>5 STAR FLASH, INC., d/b/a FLASH CAB CO. an )<br>Illinois Corporation, and 303 TAXI, LLC, an Illinois )<br>limited liability company, )<br>)<br>Defendants. ) | Case No.: 07 C 3394<br><br>Judge St. Eve |

## MOTION TO DISMISS

Defendant, 5 Star Flash, Inc., an Illinois corporation, d/b/a Flash Cab Co. ("Flash"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court for the entry of an order dismissing all Counts of the Complaint of Plaintiffs, Joel Jeffries and Colleen Jeffries ("Plaintiffs"). In support of its Motion, Flash states as follows:

### I. FACTS

The Complaint alleges that on March 30, 2007, two drivers of Defendant 303 Taxi, LLC ("303 Taxi") refused to transport Plaintiffs. The first driver purportedly refused to transport Joel Jeffries' service animal in his vehicle. The second driver allegedly refused to allow Plaintiff Colleen Jeffries to sit in the front seat of his taxi. (Complaint, ¶¶13-20).

The Complaint states that "303 Taxi was acting as an agent and/or subsidiary of Defendant Flash." (Complaint ¶ 23). As such, Plaintiffs allege that Flash violated Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12184) ("ADA") (Count I), the Illinois White Cane Law (775 ILCS 30/3) (the "White Cane Law") (Count II), and committed common law negligence (Count III). Plaintiffs have also asserted a claim for "respondeat superior" (Count IV).

However, Flash is not a parent corporation or a corporate affiliate of 303 Taxi. (Ex. A, Elizar Aff. ¶11). Flash and 303 Taxi are completely separate entities that operate their businesses in different parts of Illinois. Flash operates dispatch services to taxis licensed to operate in the city of Chicago. (Ex. A ¶3). 303 Taxi operates dispatch services only to taxis licensed to operate in the suburbs surrounding Chicago. (Gauer Aff. ¶4)[1]. As shown below, the Complaint against Flash is insufficient in law and should be dismissed.

## II. ARGUMENT

**Because Flash is not the parent corporation of 303 Taxi or in a principal-agent relationship with it, this Court should dismiss all Counts against Flash.**

Without any factual basis whatsoever, Plaintiffs allege that Flash is 303 Taxi's parent and/or principal. This allegation is belied by the objective and incontrovertible facts that Flash is a separate entity from 303 Taxi and does not share a principal-agent relationship with 303 Taxi. (Ex. A, Elizar Aff. ¶11).

Moreover, Flash and 303 Taxi serve different markets. Flash provides taxi cab dispatch services only to taxis within the City of Chicago, whereas 303 Taxi provides taxi cab dispatch services only to taxis in the suburbs surrounding Chicago. (Ex. A ¶3; Gauer Aff. ¶4). The incidents alleged in the Complaint occurred in Skokie, Illinois, a suburb of Chicago; because Flash was not permitted to, nor did it, dispatch any taxi cab to the Plaintiffs' location in Skokie, Flash cannot be liable as a matter of law.

Because Flash is not the parent or principal of 303 Taxi, and because Flash did not dispatch a taxi to the Plaintiffs' location, the Complaint fails to state a claim against Flash.

---

[1] The Affidavit of Dave Gauer is attached as Exhibit A of Defendant 303 Taxi's Motion to Dismiss which was filed contemporaneously with this Motion to Dismiss.

WHEREFORE, Defendant, 5 Star Flash, Inc., d/b/a Flash Cab Co., respectfully requests that this Honorable Court enter an order dismissing all Counts of Plaintiffs, Joel Jeffries and Colleen Jeffries, and granting Defendant any other relief that it deems just and equitable.

                         5 STAR FLASH, INC.


                         By:   /s/ Nathan H. Lichtenstein
                                      One of its attorneys

Nathan H. Lichtenstein
ARONBERG GOLDGEHN DAVIS & GARMISA
330 North Wabash Avenue – Suite 3000
Chicago, Illinois  60611
312-828-9600
450631.v1

## **CERTIFICATE OF SERVICE**

      Nathan H. Lichtenstein, an attorney, on oath states that he caused a copy of the foregoing Notice of Motion and Defendant's Motion to Dismiss to be served upon the above person at her respective address by electronic filing on September 12, 2007.

                                                        /s/ Nathan H. Lichtenstein