## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOEL JEFFRIES and COLLEEN JEFFRIES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 07 C 3394 |
| v. | ) | |
| | ) | Judge St. Eve |
| 5 STAR FLASH, INC., d/b/a FLASH CAB CO. an | ) | |
| Illinois Corporation, and 303 TAXI, LLC, an Illinois | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, 5 Star Flash, Inc., an Illinois corporation, d/b/a Flash Cab Co., an Illinois corporation, 303 Taxi, LLC, an Illinois limited liability company, Suburban Dispatch, LLC, d/b/a United Dispatch, LLC, and Taxicar Taxi, LLC, by their attorneys, for their Answer to the First Amended Complaint, state as follows:

## INTRODUCTION

1.      Plaintiffs bring this action against Defendants pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. 12181 et seq. (hereinafter referred to as "ADA") for Defendants' violations of the ADA.

**ANSWER:**      Defendants admit the allegations of paragraph 1.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. §1331, §1343(a)(1) & (a)(4) and 42 U.S.C. § 12188(a). This Court also has pendent jurisdiction over the state law claims.

**ANSWER:**      Defendants admit the allegations of paragraph 2.

3.      Venue is proper in this judicial jurisdiction pursuant to 28 U.S.C. § 1391(b)&(c).

**ANSWER:**      Defendants admit the allegations of paragraph 3.

## THE PARTIES

4.      The Plaintiff, JOEL JEFFRIES, is a citizen of the United States and a resident of the City of Chicago, State of Illinois. JOEL JEFFRIES is an individual with a physical impairment that substantially interferes with one or more of his major life activities. Specifically, JOEL JEFFRIES, is a blind individual who utilizes the assistance of a service animal, a seeing-eye dog named "Gibbs", for mobility and his daily activities. At all relevant times, JOEL JEFFRIES was protected under 42 U.S.C. § 12181, et. seq.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 4.

5.      The Plaintiff, COLLEEN JEFFRIES, is a citizen of the United States and a resident of the City of Chicago, State of Illinois. COLLEEN JEFFRIES is an individual with a physical impairment that substantially interferes with one or more of her major life activities. Specifically, COLLEEN JEFFRIES suffers from partial paralysis of her left side. At all relevant times, COLLEEN JEFFRIES was protected under 42 U.S.C. § 12181, et. seq.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 4.

6.      On and before March 30, 2007, the Defendant, 5 STAR FLASH, INC. d/b/a FLASH CAB COMPANY (hereinafter referred to as "FLASH") was an Illinois Corporation doing business in Illinois with its principle (*sic*) place of business located at 709 N. Main Street, in the City of Mount Prospect, County of Cook, State of Illinois. FLASH is an owner, operator, lessor, or lessee for a public transportation service mentioned herein. FLASH is subject to the requirements of the ADA because it operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104.

**ANSWER:**    Defendants admit the allegations in the first sentence of paragraph 6,

except they deny that Flash's principal place of business is located at 709 North Main Street in

the City of Mount Prospect, County of Cook, State of Illinois.  Defendants deny the remaining

allegations of paragraph 6.

7.      On and before March 30, 2007, the Defendant, 303 TAXI, L.L.C. (hereinafter referred to as "303 TAXI") was an Illinois Limited Liability Company doing business in Illinois with its principle (*sic*) place of business located at 709 N. Main Street, in the City of Mount Prospect, County of Cook, State of Illinois. 303 TAXI is an owner, operator, lessor, or lessee for a public transportation service mentioned herein. 303 TAXI is subject to the requirements of the ADA because it operates and provides public transportation service to members of the public and

2

as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104.

**ANSWER:**   Defendants admit the allegations in the first sentence of paragraph 7.

Defendants deny the remaining allegations of paragraph 7.

8.      On and before March 30, 2007, SUBURBAN DISPATCH, L.L.C., d/b/a UNITED DISPATCH, L.L.C. (hereinafter referred to as "UNITED") was an Illinois Limited Liability Company doing business in Illinois with its principle (*sic*) place of business located at 709 N. Main Street, in the City of Mount Prospect, County of Cook, State of Illinois. UNITED is an operator, lessor, or lessee for a public transportation service mentioned herein. UNITED is subject to the requirements of the ADA because it operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104.

**ANSWER:**   Defendants admit the allegations in the first sentence of paragraph 8.

Defendants deny the remaining allegations of paragraph 8.

9.      On and before March 30, 2007, TAXICAR TAXI, L.L.C. (hereinafter referred to as "TAXICAR"), was an Illinois Limited Liability Company doing business in Illinois with its principle (*sic*) place of business located at 3464 N. Knox Avenue, in the City of Chicago, County of Cook, State of Illinois. TAXICAR is an owner, operator, lessor, or lessee for a public transportation service mentioned herein. TAXICAR is subject to the requirements of the ADA because it operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104. At all times relevant, TAXICAR was the owner of taxicab #130 and entered into agreements and understandings regarding taxi services with, at the very least, UNITED, 303 TAXI and KAUFMAN.

**ANSWER:**   Defendants admit the allegations of paragraph 9.

10.     On and before March 30, 2007, MARK KAUFMAN (hereinafter referred to as "KAUFMAN"), was an individual residing at 7923 Kenneth Avenue, in the Village of Skokie, County of Cook, State of Illinois. KAUFMAN was the operator of taxicab #130 which is at issue in this lawsuit. KAUFMAN is subject to the requirements of the ADA because he operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104. At all times relevant, KAUFMAN was acting as an agent and/or apparent agent and/or employee of FLASH, 303 TAXI, UNITED, and TAXICAR and was subject to the rules and regulations set out by those companies as well as subject to punishment for violations of the aforementioned rules and regulations.

**ANSWER:**   Upon information and belief, Defendants admit the allegations in the first

three sentences of paragraph 10.  Defendants deny the remaining allegations of paragraph 10.

11.     On and before March 30, 2007, SIRAJ JAMA (hereinafter referred to as "JAMA"), was an individual residing at 4307 N. Keystone, in the City of Chicago, County of Cook, State of Illinois. JAMA was the operator of taxicab #127 which is at issue in this lawsuit. JAMA is subject to the requirements of the ADA because he operates and provides public transportation service to members of the public and as such is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(10) and 28 C.F.R. § 36.104. At all times relevant, JAMA was acting as an agent and/or apparent agent and/or employee of FLASH, 303 TAXI, and UNITED, and was subject to the rules and regulations set out by those companies as well as subject to punishment for violations of the aforementioned rules and regulations.

**ANSWER:**     Upon information and belief, Defendants admit the allegations in the first

three sentences of paragraph 11.  Defendants deny the remaining allegations of paragraph 11.

12.     At all times relevant, FLASH, 303 TAXI and UNITED were companies that shared the same office locations and also shared the identical three corporate officers and limited liability company members. FLASH, 303 TAXI and UNITED worked in conjunction with one another to provide a fleet of taxicabs which would be licensed to operate in both the City of Chicago and its outlying suburbs.

**ANSWER:**     Defendants admit that Flash, 303 Taxi and United had, during certain

relevant times, some common officers and members.  Defendants deny the remaining allegations

of paragraph 12.

13.     On and before March 30, 2007, FLASH, 303 TAXI, TAXICAR UNITED, KAUFMAN and JAMA were providers of taxi service as provided in 49 C.F.R. 37.29 and according to 49 C.F.R. 37.29(c), "private entities providing taxi service shall not discriminate against individuals with disabilities by actions including, but not limited to, refusing to provide service to individuals with disabilities who can use taxi vehicles, refusing to assist with the stowing of mobility devices, and charging higher fares or fees for carrying individuals with disabilities and their equipment then are charged to other persons."

**ANSWER:**     Defendants deny the allegations of paragraph 13.

## FACTS

14.     On March 30, 2007, JOEL JEFFRIES and COLLEEN JEFFRIES sought to utilize FLASH'S taxicab services for transport from Jack's Restaurant in the Village of Skokie, County of Cook, State of Illinois to their residence in Chicago, Illinois.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 14.

4

15.     On March 30, 2007, an employee of Jack's Restaurant dialed the number for FLASH and requested a cab for two disabled individuals, one with a service animal.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 15.

16.     When the Jack's Restaurant employee dialed the telephone number for FLASH, Defendant UNITED was the dispatching service that answered the telephone. Defendant UNITED, pursuant to agreements entered into between FLASH, UNITED and 303 TAXI, then dispatched 303 TAXI #127 to pickup the Plaintiffs.

**ANSWER:**     Upon information and belief, Defendants admit the allegations of

paragraph 16.

17.     On March 30, 2007, when 303 TAXI #127 arrived, the driver (later identified as JAMA) refused to transport JOEL JEFFRIES' service animal, Gibbs. Despite the fact that Plaintiffs and the employee of Jack's Restaurant told the driver of 303 TAXI #127 that Gibbs was a service animal and that the driver was required to transport him, the driver told Plaintiffs that he did not like dogs and he would not take dogs in his vehicle and drove off.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 17.

18.     On March 30, 2007, the same employee of Jack's Restaurant then dialed FLASH again and complained about the driver of 303 TAXI #127 (JAMA) and requested another cab to transport Plaintiffs.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 18.

19.     On March 30, 2007, Defendant UNITED, pursuant to agreements entered into between FLASH, UNITED, 303 TAXI and TAXICAR, then dispatched 303 TAXI #130 to pick up Plaintiffs. The driver of 303 TAXI #130 (later identified as KAUFMAN) told the Plaintiffs that he was "allergic to dogs" and refused to transport them and drove away.

**ANSWER:**     Upon information and belief, Defendants admit the allegations of the first

sentence of paragraph 19.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 19.

20.     On March 30, 2007, the same employee of Jack's Restaurant then dialed FLASH a (*sic*) again and complained about the driver of 303 TAXI #130 (KAUFMAN), explained that a

cab was needed to transport two individuals with disabilities and a guide dog, and requested another cab to transport Plaintiffs.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. On March 30, 2007, Defendant UNITED, pursuant to agreements entered into between FLASH, UNITED, 303 TAXI and TAXICAR, then dispatched 303 TAXI #130 again and the same driver, KAUFMAN, who originally refused to transport the service animal because he was "allergic" to dogs arrived and agreed to transport the dog.

**ANSWER:** Upon information and belief, Defendants admit the allegations of paragraph 21.

22. On March 30, 2007, COLLEEN JEFFRIES, because of her partial paralysis was required to wear a leg brace on her left leg.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. On March 30, 2007, JOEL JEFFRIES and his service animal Gibbs entered the back seat of 303 TAXI #130. Because of the size of the brace on COLLEEN JEFFRIES' left leg, she could not fit inside the rear seat of 303 TAXI #130 along with JOEL JEFFRIES and Gibbs.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. On March 30, 2007, because COLLEEN JEFFRIES could not fit in the rear seat of the 303 TAXI #130, she attempted to sit in the front seat of the taxi. The driver, KAUFMAN, under the ruse of it being improper to let passengers sit in the front seat of the taxi, refused to transport JOEL JEFFRIES and COLLEEN JEFFRIES and drove off.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Plaintiffs were eventually driven home by an off-duty Skokie Police Department Sergeant who was a patron in the restaurant.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

6

**COUNT I**
**Violation of Title III, ADA**

26.    Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-25 of this complaint for Count I, as though fully set forth herein.

**ANSWER:**    Defendants adopt and hereby incorporate their answers to paragraphs 1 through 25.

27.    At all times relevant, the Defendants FLASH, UNITED, 303 TAXI, and TAXICAR were acting as agents and/or apparent agents of each other, pursuant to agreements entered into between all companies for taxi services in both the City of Chicago and the outlying suburbs.

**ANSWER:**    Defendants deny the allegations contained in paragraph 27.

28.    At all times relevant, KAUFMAN was acting as an agent and/or apparent agent and/or employee of FLASH, UNITED, 303 TAXI and TAXICAR.

**ANSWER:**    Defendants deny the allegations contained in paragraph 28.

29.    At all times relevant, JAMA was acting as an agent and/or apparent agent and/or employee of FLASH, UNITED and 303 TAXI.

**ANSWER:**    Defendants deny the allegations contained in paragraph 29.

30.    At all times relevant, Defendants FLASH, UNITED, 303 TAXI, TAXICAR, KAUFMAN and JAMA had direct knowledge of the fact that Plaintiffs were people with disabilities and needed a cab that could transport them and Gibbs, the guide dog.

**ANSWER:**    Defendants deny the allegations contained in paragraph 30.

31.    At all times relevant, Defendants FLASH, UNITED, 303 TAXI, and TAXICAR knew or should have known of the actions taken by their agents and/or apparent agents and/or employees KAUFMAN and JAMA.

**ANSWER:**    Defendants deny the allegations contained in paragraph 31.

32.    At all times relevant, Defendants FLASH, UNITED, 303 TAXI and TAXICAR sanctioned and approved of the actions of its agents and/or apparent agents and/or employees KAUFMAN and JAMA.

**ANSWER:**    Defendants deny the allegations contained in paragraph 32.

33.    The Defendants have discriminated against JOEL JEFFRIES and COLLEEN JEFFRIES on the basis of disability, denying them the full and equal enjoyment of specified public transportation services provided by Defendants, as prohibited by 42 U.S.0 § 12184.

**ANSWER:**     Defendants deny the allegations contained in paragraph 33.

34.     The Defendants have engaged in discrimination by: (1) repeatedly refusing to transport JOEL JEFFRIES and his guide dog Gibbs;(2) refusing to accommodate COLLEEN JEFFRIES by telling her it was improper for her to sit in the front seat;(3) giving pretextual excuses for their refusal to accommodate and transport JOEL JEFFRIES, JOEL JEFFRIES' guide dog, and COLLEEN JEFFRIES; (4) refusing to make reasonable modifications in policies, practices or procedures, when such modifications were necessary to afford service to the Plaintiffs who are individuals with disabilities; (5) failing to provide alternative methods of transportation which were readily available; (6) failing to take steps, including driver training and creating company policy and rules and regulations, to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids or services; and, (7) failing to provide service to Plaintiffs after being repeatedly informed that Plaintiffs suffered from disabilities.

**ANSWER:**     Defendants deny the allegations contained in paragraph 34.

35.     The Defendants have discriminated against Plaintiffs in violation of C.F.R. 37.29 by refusing to transport JOEL JEFFRIES with his service animal and also refusing to provide taxi service to COLLEEN JEFFRIES by refusing to accommodate her disability when she would normally have been able to ride in a standard taxicab had Defendants allowed her to sit in the front seat.

**ANSWER:**     Defendants deny the allegations contained in paragraph 35.

36.     At all times relevant and since 1990, the ADA has been in effect and knowledge of its requirements may be imputed to Defendants.

**ANSWER:**     Defendants deny the allegations contained in paragraph 36.

37.     After receiving actual notice of ADA violations through the complaints made to the UNITED dispatcher and communicated to FLASH, 303 TAXI, TAXICAR, JAMA and KAUFMAN, Defendants failed to make changes in order to comply with the ADA. Furthermore, Defendants have not educated their agents regarding the ADA.

**ANSWER:**     Defendants deny the allegations contained in paragraph 37.

38.     The Plaintiffs who were subjected to discrimination from specified public transportation services, suffered irreparable harm in the nature of humiliation, limitations of freedom, and other forms of intangible injuries to their dignity interests.

**ANSWER:**     Defendants deny the allegations contained in paragraph 38.

39.     Each of the discriminatory conditions identified above presents a palpable and substantial deprivation of a degree of Plaintiffs' independence. Defendants substantially deprived Plaintiffs of their independence. The injuries sustained by Plaintiffs are ongoing until Defendants' discriminatory practices are corrected.

**ANSWER:**    Defendants deny the allegations contained in paragraph 39.

40.    Defendants have profited by their violations of the ADA, acquired a wrongful profit, and the full application of the principles of equity require Defendants to disgorge to Plaintiffs (or other such charity as deemed equitable by the Court) the full amount of economic gain reaped by Defendants through their illegal conduct.

**ANSWER:**    Defendants deny the allegations contained in paragraph 40.

WHEREFORE, Defendants, 5 Star Flash, Inc., an Illinois corporation, d/b/a Flash Cab

Co., an Illinois corporation, 303 Taxi, LLC, an Illinois limited liability company, Suburban

Dispatch, LLC, d/b/a United Dispatch, LLC, and Taxicar Taxi, LLC, request that this Court enter

judgment in their favor and against Plaintiffs, Joel Jeffries and Colleen Jeffries, and for the

recovery of their attorneys' fees, including litigation expenses and costs of suit.

## PENDENT STATE LAW CLAIMS

### COUNT II
### VIOLATION OF 775 ILCS 30/3, WHITE CANE LAW

26.    Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-25 of this complaint for Count II, as though fully set forth herein.

**ANSWER:**  Defendants adopt and hereby incorporate their answers to paragraphs 1

through 25.

27.    At all times relevant, and since it came into effect on January 1, 2004, Defendants FLASH, 303 TAXI, UNITED, TAXICAR, KAUFMAN and JAMA have or should have been fully aware of their obligations under Chapter 775, Act 30 of the Illinois Compiled Statutes entitled "White Cane Law."

**ANSWER:**    Taxicar admits the allegations contained in paragraph 27.  The remaining

corporate Defendants deny the allegations contained in paragraph 27.

28.    At all times relevant, the White Cane Law stated, "The blind, the visually handicapped, the hearing impaired, persons who are subject to epilepsy or other seizure disorders and the otherwise physically disabled are entitled to full and equal accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, street cars, boats or any other public conveyances or modes of transportation, hotels, lodging places, places of public accommodation, amusement or resort and other places to which

the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons."

**ANSWER:**    Defendants admit the allegations contained in paragraph 28.

29.    At all times relevant, the White Cane Law also stated, "Every totally or partially blind, hearing impaired, person who is subject to epilepsy or other seizure disorders, or otherwise physically disabled person or a trainer of support dogs, guide dogs, seizure-alert dogs, seizure-response dogs, or hearing dogs shall have the right to be accompanied by a support dog or guide dog especially trained for the purpose, or a dog that is being trained to be a support dog, guide dog, seizure-alert dog, seizure-response dog, or hearing dog, in any of the places listed in this Section without being required to pay an extra charge for the guide, support, seizure-alert, seizure-response, or hearing dog; provided that he shall be liable for any damage done to the premises or facilities by such dog."

**ANSWER:**    Defendants admit the allegations contained in paragraph 29.

30.    At all times relevant, Defendants, FLASH, 303 TAXI, UNITED, TAXICAR, KAUFMAN and JAMA were subject to the requirements of the Illinois White Cane Law because they operate and provide public transportation service to members of the public.

**ANSWER:**    Defendants Flash, 303 Taxi and United deny that they are subject to the

requirements of the Illinois White Can Law.  Defendants make no answer as to the requirements

of the law on Kaufman and Jama.

31.    At all times relevant, the Defendants FLASH, UNITED, 303 TAXI, and TAXICAR were acting as agents and/or apparent agents of each other, pursuant to agreements entered into between all companies for taxi services in both the City of Chicago and the outlying suburbs.

**ANSWER:**    Defendants deny the allegations contained in paragraph 31.

32.    At all times relevant, KAUFMAN was acting as an agent and/or apparent agent and/or employee of FLASH, UNITED, 303 TAXI and TAXICAR.

**ANSWER:**    Defendants deny the allegations contained in paragraph 32.

33.    At all times relevant, JAMA was acting as an agent and/or apparent agent and/or employee of FLASH, UNITED and 303 TAXI.

**ANSWER:**    Defendants deny the allegations contained in paragraph 33.

34.    At all times relevant, Defendants FLASH, UNITED, 303 TAXI, TAXICAR, KAUFMAN and JAMA had direct knowledge of the fact that Plaintiffs were people with disabilities and needed a cab that could transport them and Gibbs, the guide dog.

**ANSWER:**    Defendants deny the allegations contained in paragraph 34.

35.    At all times relevant, Defendants FLASH, UNITED, 303 TAXI, and TAXICAR knew or should have known of the actions taken by their agents and/or apparent agents and/or employees KAUFMAN and JAMA.

**ANSWER:**    Defendants deny the allegations contained in paragraph 35.

36.    At all times relevant, Defendants FLASH, UNITED, 303 TAXI and TAXICAR sanctioned and approved of the actions of its agents and/or apparent agents and/or employees KAUFMAN and JAMA.

**ANSWER:**    Defendants deny the allegations contained in paragraph 36.

37.    The Defendants have discriminated against the JOEL JEFFRIES and COLLEEN JEFFRIES on the basis of disability, denying them the full and equal enjoyment of specified public transportation services provided by Defendants, as prohibited by 775 ILCS 30/3.

**ANSWER:**    Defendants deny the allegations contained in paragraph 37.

38.    The Defendants have engaged in discrimination by: (1) repeatedly refusing to transport JOEL JEFFRIES and his guide dog Gibbs;(2) refusing to accommodate COLLEEN JEFFRIES by telling her it was improper for her to sit in the front seat;(3) giving pretextual excuses for their refusal to accommodate and transport JOEL JEFFRIES, JOEL JEFFRIES' guide dog, and COLLEEN JEFFRIES; (4) refusing to make reasonable modifications in policies, practices or procedures, when such modifications were necessary to afford service to the Plaintiffs who are individuals with disabilities; (5) failing to provide alternative methods of transportation which were readily available; (6) failing to take steps, including driver training and creating company policy and rules and regulations to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids or services; and, (7) failing to provide service to Plaintiffs after being repeatedly informed that Plaintiffs suffered from disabilities.

**ANSWER:**    Defendants deny the allegations contained in paragraph 38.

39.    After receiving actual notice of violations of the White Cane Law, the Defendants failed to make changes in order to comply with the White Cane Law. Defendants also failed to inform their employees of the White Cane Law.

**ANSWER:**    Defendants deny the allegations contained in paragraph 39.

40.    As a result of Defendants' illegal practices and conduct, Plaintiffs suffered irreparable harm in the form of humiliation, limitations on freedom and other forms of intangible injuries to their dignity interest.

**ANSWER:**    Defendants deny the allegations contained in paragraph 40.

41.     Defendants substantially deprived Plaintiffs of their independence. The injuries sustained by Plaintiffs are ongoing until Defendants' discriminatory practices are corrected.

**ANSWER:**     Defendants deny the allegations contained in paragraph 41.

42.     Defendants have profited by their violations of the White Cane Law, acquired a wrongful profit, and the full application of the principles of equity require Defendants to disgorge to Plaintiffs (or other such charity as deemed equitable by the Court) the full amount of economic gain reaped by Defendants through their illegal conduct.

**ANSWER:**     Defendants deny the allegations contained in paragraph 42.

WHEREFORE, Defendants, 5 Star Flash, Inc., an Illinois corporation, d/b/a Flash Cab

Co., an Illinois corporation, 303 Taxi, LLC, an Illinois limited liability company, Suburban

Dispatch, LLC, d/b/a United Dispatch, LLC, and Taxicar Taxi, LLC, request that this Court enter

judgment in their favor and against Plaintiffs, Joel Jeffries and Colleen Jeffries, and for the

recovery of their attorneys' fees, including litigation expenses and costs of suit.

## COUNT III
## NEGLIGENCE

26.     Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-25 of this complaint for Count II, as though fully set forth herein.

**ANSWER:** Defendants adopt and hereby incorporate their answers to paragraphs 1

through 25.

27.     At all times relevant, Defendants FLASH, 303 TAXI, UNITED and TAXICAR, had a duty to the Plaintiffs and to the public in general to properly train their agents, apparent agents and employees on requirements of the ADA and the Illinois White Cane Law.

**ANSWER:**     Defendants deny the allegations contained in paragraph 27.

28.     At all times relevant, Defendants, FLASH, 303 TAXI, UNITED and TAXICAR, had a duty to exercise reasonable care in hiring, training, supervision and retention of their agents, apparent agents and employees.

**ANSWER:**     Defendants deny the allegations contained in paragraph 28.

29.     At all times relevant, Defendants, FLASH, 303 TAXI, UNITED and TAXICAR, breached the foregoing duty and were negligent in one of more of the following respects, in that they:

12

a.)  Negligently, carelessly, improperly and unreasonably allowed their agents, apparent agents and employees involved in the acts recited herein to continue in their duties as employees when they knew or in the exercise of reasonable care should have known that their agents, apparent agents and employees had a propensity to discriminate against individuals with disabilities;

b.)  Negligently, carelessly, improperly and unreasonably supervised their agents, apparent agents and employees in that the agents, apparent agents and employees mentioned herein were allowed to discriminate against individuals with disabilities without recourse;

c.)  Negligently, carelessly, improperly and unreasonably failed to train their agents, apparent agents and employees in the proper procedure and legal requirements for providing service to individuals with disabilities;

d.)  Negligently, carelessly, improperly and unreasonably failed to evaluate their agents, apparent agents and employees on a regular basis;

e.)  Negligently, carelessly, improperly and unreasonably failed to mandate that their agents, apparent agents and employees provide service to Plaintiffs after Defendants had actual knowledge that their agents, apparent agents and employees had illegally discriminated against Plaintiffs;

f.)  Negligently, carelessly, improperly and unreasonably allowed their agents, apparent agents and employees to continue to discriminate against Plaintiffs after Defendants had actual knowledge of their agents, apparent agents and employees' actions;

g.)  Otherwise were negligent in the implementation of the daily operations of a public transportation service.

**ANSWER:**  Defendants deny the allegations contained in paragraph 29.

30.  As a direct and proximate result of one or more of the foregoing acts or omissions by Defendants, Plaintiffs were injured and will continue to incur suffering and emotional distress.

**ANSWER:**  Defendants deny the allegations contained in paragraph 30.

WHEREFORE, Defendants, 5 Star Flash, Inc., an Illinois corporation, d/b/a Flash Cab Co., an Illinois corporation, 303 Taxi, LLC, an Illinois limited liability company, Suburban Dispatch, LLC, d/b/a United Dispatch, LLC, and Taxicar Taxi, LLC, request that this Court enter judgment in their favor and against Plaintiffs, Joel Jeffries and Colleen Jeffries, and for the recovery of their attorneys' fees, including litigation expenses and costs of suit.

13

**COUNT IV**
**RESPONDEAT SUPERIOR**

31.     Plaintiffs, JOEL JEFFRIES and COLLEEN JEFFRIES, adopt and hereby incorporate paragraphs 1-30 of Count III for Count IV, as though fully set forth herein.

**ANSWER:**  Defendants adopt and hereby incorporate their answers to paragraphs 1 through 30.

32.     At all times relevant, each of the Defendants was vicariously liable for the actions of their agents, apparent agents and employees.

**ANSWER:**     Defendants deny the allegations contained in paragraph 32.

WHEREFORE, Defendants, 5 Star Flash, Inc., an Illinois corporation, d/b/a Flash Cab Co., an Illinois corporation, 303 Taxi, LLC, an Illinois limited liability company, Suburban Dispatch, LLC, d/b/a United Dispatch, LLC, and Taxicar Taxi, LLC, request that this Court enter judgment in their favor and against Plaintiffs, Joel Jeffries and Colleen Jeffries, and for the recovery of their attorneys' fees, including litigation expenses and costs of suit.

**AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

Respectfully submitted,

5 STAR FLASH, INC., an Illinois corporation, d/b/a FLASH CAB CO., an Illinois corporation, 303 TAXI, LLC, an Illinois limited liability company, SUBURBAN DISPATCH, LLC, d/b/a UNITED DISPATCH, LLC, and TAXICAR TAXI, LLC,

By: _____
                One of their attorneys

Nathan H. Lichtenstein
ARONBERG GOLDGEHN DAVIS & GARMISA
330 North Wabash Avenue – Suite 3000
Chicago, Illinois  60611
312-828-9600